# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLBERT F. NICHOLS,<br>    *Plaintiff*,<br>vs.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*<br><br>    *Defendants*. | 2:09-cv-01698-LDG-PAL<br><br>ORDER |

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.* Allegations of a *pro se* litigant are held to less stringent standards than are formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, plaintiff Colbert Nichols seeks to present claimS for deliberate indifference to a serious medical need under the Fourteenth Amendment as a pretrial detainee at the Clark County Detention Center ("CCDC") and under the Eighth Amendment while incarcerated in the custody of NDOC. He seeks to bring claims against, in their individual capacity, the Clark County Detention Center, a Dr. John Doe #1 defendant at that facility, NDOC Medical Director Robert Bannister, and unknown members of the NDOC Utilization Review Committee.

The complaint makes the following allegations, which are accepted as true solely for the present review.[1]

In Count I, plaintiff alleges that he was attacked by another inmate while at CCDC and had his arm twisted around behind his back. In early May 2008, plaintiff saw Dr. John Doe #1 at CCDC about ongoing pain and dysfunction in his right shoulder following upon the attack. After reviewing an x-ray of the shoulder, the physician told Nichols that he was just getting old. Nichols stated that this diagnosis made no sense because he did not have the pain and dysfunction prior to the attack, as he swam and played golf with no problem prior to his detention. After the attack, he could not raise his right arm above his shoulder. Dr. John Doe #1 told Nichols that he would have to wait until he went to prison to get any sort of treatment. Nichols was not convicted and transferred until August 2008, four months after Dr. John Doe #1 had examined him and refused treatment. Plaintiff alleges that the physician

---

[1] In summarizing the factual allegations of the complaint, the Court otherwise makes no finding of fact for any purpose other than reviewing the complaint to determine whether a claim has been stated. That is, a statement of fact herein does not constitute a finding by the Court that the alleged fact is true.

was aware of Nichols' pain and shoulder dysfunction yet deferred treatment for the four months so that the county would not have to bear the expense of the treatment. He alleges that his pain and shoulder dysfunction constituted a serious medical need, that the physician's deferral of treatment for four months was deliberate indifference to that serious medical need, and that the delay caused him unnecessary pain and suffering.

In Count II, Nichols incorporates the allegations of Count I and alleges further that Dr. Jon Doe #1 denied him medical treatment pursuant to a policy of CCDC to transfer potentially expensive treatment on to NDOC for budgetary reasons.

In Count III, plaintiff alleges that immediately on arriving at High Desert State Prison after his conviction and transfer from CCDC, he "kited" the medical department regarding the pain and dysfunction in his shoulder. An orthopedist, Dr. John Doe #2, took another x-ray, which revealed that the labrum was separated in Nichols' shoulder. The physician used a stethoscope to listen to the joint while Nichols moved his arm. Dr. John Doe #2 commented that it sounded as if Nichols had broken glass grinding in his shoulder, and Nichols said that that was the way that it felt. Dr. John Doe #2 said that Nichols probably would need surgery but that an MRI was needed to determine the type and extent of the surgery required. The Utilization Review Committee, however, denied permission for the MRI. The committee, a panel of doctors employed by NDOC, included NDOC Medical Director Robert Bannister. He also was informed of Nichols' medical problems through the grievance process. Nichols alleges that Bannister and the committee were aware of his serious medical need for an MRI and possible surgery, that they denied Nichols treatment for non-medical reasons, that they were deliberately indifferent to his serious medical needs, and that the delay was causing him unnecessary pain and suffering.

Nichols seeks: (a) injunctive relief directing Bannister and the Utilization Review Committee to immediately arrange for an MRI and any further treatment recommended by an orthopedist; (b) general damages for past and future pain and suffering from Bannister, the Utilization Review Committee, Dr. John Doe #1, and CCDC; and (c) punitive damages from Bannister, the Utilization Review Committee, and Dr. John Doe #1.

Plaintiff appears to state viable claims under the Eighth and Fourteenth Amendments for deliberate indifference to a serious medical need and potentially for recovery of, *inter alia*, damages for pain and suffering.

Plaintiff may not, however, pursue claims against Clark County Detention Center. CCDC is a facility, not a juridical person subject to suit. In order to pursue a claim against a viable defendant as to Counts I and II, plaintiff must name – using a real name rather than a fictitious John Doe name – a municipal entity such as Clark County, a municipal officer in his official capacity such as the Sheriff and/or the physician, and/or the physician by his real name in both his official and individual capacities.

The Court will direct service on the NDOC defendant, Robert Bannister, so that the case may proceed forward. The Court will allow plaintiff to pursue limited discovery of Bannister immediately after Bannister's counsel enters a notice of appearance in order to determine: (a) the real name of and a possible service address for Dr. John Doe #1, which potentially may be reflected in any medical records forwarded from CCDC to NDOC; and (b) the real names of the members of the Utilization Resource Committee at the relevant time in question. After obtaining any such service information, plaintiff must seek to amend the complaint in order to state viable claims against a Clark County defendant or defendants as well as to allege an official capacity claim as well as an individual capacity claim against Bannister in order to pursue a claim for injunctive relief.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the claims asserted against the Clark County Detention Center are DISMISSED without prejudice.

IT FURTHER IS ORDERED that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for defendant Robert Bannister only and shall make informal electronic service of the complaint and this order upon defendant via a notice of electronic filing.

IT FURTHER IS ORDERED that the Attorney General shall advise the Court within twenty (20) days from entry of this order whether she can accept service of process for the named defendant. If the Attorney General accepts service of process for the defendant, such

defendant shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service. If service is not accepted for any of the defendants, plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, he must complete service within 120 days from entry of this order.

IT FURTHER IS ORDERED that plaintiff is granted leave immediately following entry of a notice of appearance by counsel for defendant Robert Bannister, without the requirement of any other scheduling order first being entered, to pursue limited discovery of defendant Bannister, such as by written interrogatories, in order to determine: (a) the real name of and a possible service address for Dr. John Doe #1, which potentially may be reflected in any medical records forwarded from CCDC to NDOC; and (b) the real names of the members of the Utilization Resource Committee at the relevant time in question.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other paper submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received which fails to include a certificate of service.

IT FURTHER IS ORDERED that the motion (#4) for an update is GRANTED per this order. The Clerk also shall provide plaintiff with a copy of the complaint.

DATED: ___1 Nov 2010___

_____
LLOYD D. GEORGE
United States District Judge

-5-