# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COLBERT NICHOLS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:09-cv-01698-LDG-GWF |
| ) | |
| vs. ) | **ORDER AND** |
| ) | **FINDINGS AND** |
| JAMES HOLMES, *et al.*, ) | **RECOMMENDATIONS** |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff Colbert Nichols' Amended Complaint (#12), filed January 12, 2011.

## DISCUSSION

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1)-(2).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claims if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Fed.R.Civ.P. 12(b)(6) and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

. . .

1  Review under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-57 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); see also *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In his amended complaint (#12), Plaintiff Colbert Nichols seeks to present claims for deliberate indifference to a serious medical need under the Fourteenth Amendment as a pretrial detainee at the Clark County Detention Center ("CCDC") and under the Eighth Amendment while incarcerated in the custody of the Nevada Department of Corrections ("NDOC"). He seeks to bring claims against James Holmes, Robert Bannister, Marsha Johns, Francisco Sanchez and David Mumford, in their individual and official capacity, all of whom were allegedly members of the NDOC Utilization Review Panel (a panel of doctors employed by the NDOC) during the time period relevant to Plaintiff's claims. The Amended Complaint (#12) also states that the actions of a Dr. John Doe #1 are the basis for two of Plaintiff's claims.

. . .

The amended complaint (#12) makes the following allegations, which are accepted as true solely for the present review.[1]

In Count I, Plaintiff alleges that he was attacked by another inmate while at CCDC and had his arm twisted around behind his back. In early May 2008, Plaintiff saw Dr. John Doe #1, a staff physician at CCDC, about ongoing pain and dysfunction in his right shoulder following the attack. (#12 at 4). After reviewing an x-ray of the shoulder, the physician told Nichols that he was just getting old. (*Id.*) Nichols stated that this diagnosis made no sense because he did not have the pain and dysfunction prior to the attack, as he swam and played golf with no problem prior to his detention. (#12 at 4-5). After the attack, he could not raise his right arm above his shoulder. Dr. John Doe #1 told Nichols that he would have to wait until he went to prison to get any sort of treatment. (*Id.* at 6). Nichols was not convicted and transferred until August 2008, four months after Dr. John Doe #1 had examined him and refused treatment. (*Id.*) Plaintiff alleges that the physician was aware of Nichols' pain and shoulder dysfunction yet deferred treatment for the four months so that the county would not have to bear the expense of the treatment. (*Id.* at 5-6). He alleges that his pain and shoulder dysfunction constituted a serious medical need, that the physician's deferral of treatment for four months was deliberate indifference to that serious medical need, and that the delay caused him unnecessary pain and suffering.

In Count II, Nichols incorporates the allegations of Count I and alleges further that Dr. John Doe #1 denied him medical treatment pursuant to a policy of CCDC to transfer potentially expensive treatment on to NDOC for budgetary reasons. (#12 at 7).

In Count III, Plaintiff alleges that immediately on arriving at High Desert State Prison after his conviction and transfer from CCDC, he "kited" the medical department regarding the pain and dysfunction in his shoulder. (*Id.* at 8-9). An orthopedist, Dr. John Doe #2, took another x-ray, which revealed that the labrum was separated in Nichols' shoulder. The physician used a stethoscope to listen

---

[1] In summarizing the factual allegations of the amended complaint, the Court otherwise makes no finding of fact for any purpose other than reviewing the amended complaint to determine whether a claim has been stated. That is, a statement of fact herein does not constitute a finding by the Court that the alleged fact is true.

3

to the joint while Nichols moved his arm. Dr. John Doe #2 commented that it sounded as if Nichols had broken glass grinding in his shoulder, and Nichols said that that was the way that it felt. Dr. John Doe #2 said that Nichols probably would need surgery but that an MRI was needed to determine the type and extent of the surgery required. The Utilization Review Committee ("URC"), however, denied permission for the MRI. Plaintiff states that the members of the URC were also informed of his medical problems through the grievance process. Nichols alleges that the members of the URC were aware of his serious medical need for an MRI and possible surgery, that they denied Nichols treatment for non-medical reasons, that they were deliberately indifferent to his serious medical needs, and that the delay was causing him unnecessary pain and suffering.

Nichols seeks: (a) injunctive relief directing Defendants and the Utilization Review Committee to immediately arrange for an MRI and any further treatment recommended by an orthopedist; (b) general damages for past and future pain and suffering from Defendants individually, and in their official capacity as members of the URC, and Dr. John Doe #1[2] and (c) punitive damages from Defendants individually, and in their official capacity as members of the URC, and Dr. John Doe #1.

Plaintiff appears to state viable claims under the Eighth and Fourteenth Amendments for deliberate indifference to a serious medical need and potentially for recovery of damages for pain and suffering. The Court notes that in order to pursue a claim against a viable defendant as to Counts I and II, Plaintiff must name – using a real name rather than a fictitious John Doe name – the physician by his real name in both his official and individual capacities.

The Court will direct service on Defendants so that the case may proceed. After obtaining information about the real name of Dr. John Doe #1, Plaintiff must seek to amend the complaint in order to state viable claims against the physician. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall add Attorney General Catherine Cortez Masto as counsel for Defendants James Holmes, Robert Bannister, Marsha Johns, Francisco

---

[2] Plaintiff's "Request for Relief" also states that he seeks damages from Clark County Detention Center. (#12 at 12). The Court previously informed Plaintiff in screening his original complaint, Plaintiff may not pursue claims against CCDC because it is a facility and not a juridical person subject to suit. (#5). The Court will recommend that CCDC be dismissed as a party.

Sanchez and David Mumford and shall make informal electronic service of the complaint and this order upon Defendants via a notice of electronic filing.

**IT IS FURTHER ORDERED** that the Attorney General shall advise the Court within twenty (20) days from entry of this order whether she can accept service of process for the named defendants. If the Attorney General accepts service of process for the defendants, such defendant shall file and serve an answer or other response to the complaint within thirty (30) days of the date of the notice of acceptance of service. If service is not accepted for any of the defendants, plaintiff will need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons, and specifying a full name and address for said defendant(s). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, he must complete service within 120 days from entry of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other paper submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received which fails to include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Clark County Detention Center be **dismissed with prejudice** from this action because it is a facility and not a juridical person subject to suit.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

1  issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*
2  *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
3       DATED this 19th day of April, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge