# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| COLBERT NICHOLS, | ) | |
|       Plaintiff, | ) | Case No.  2:09-cv-01698-LDG-GWF |
| vs. | ) | **ORDER** |
| ROBERT BANNISTER, *et al.*, | ) | Motion to Compel (#29) |
|       Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motion to Compel (#29), filed on September 22, 2011, and Defendant's response to Plaintiff's Motion to Compel (#30), filed on October 10, 2011. Plaintiff requests that the Court order Dr. Long, an orthopedic surgeon, be deposed regarding the analysis of Plaintiff's MRI.  Plaintiff further requests that all medical records concerning the MRI be delivered to the Plaintiff.  Defendants oppose Plaintiff's motion arguing that discovery has not commenced, and Plaintiff has failed to demonstrate that Dr. Long's deposition is warranted under Fed. R. Civ. P. 56.

On October 12, 2011, the Court entered a Scheduling Order setting the discovery deadline as January 10, 2012.  As this case is now in discovery, Plaintiff may depose "any person, including a party without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a).  Further, Plaintiff may serve a request for production of documents on Defendants in an attempt to obtain all his medical records concerning his MRI.  *See* Fed. R. Civ. P. 34.  At this point however, the Court will not compel production of documents or the taking of Dr. Long's deposition.  Plaintiff has failed to demonstrate that he has tried to obtain his requested relief through the discovery process, and further failed to

. . .

demonstrate that he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure." Fed. R. Civ. P. 37(a).

Further, although Plaintiff was granted in forma pauperis status (*see* #1), Plaintiff's status as an indigent litigant does not entitle him to notice and/or conduct a deposition at the government's expense. "[A]lthough the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses." *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir.1989); *see also Jackson v. Gonzalez*, 339 Fed.Appx. 675, 676 (9th Cir. 2009) (holding the district court did not abuse its discretion by denying Plaintiff's request that the court finance his deposition costs). The Court will therefore not look favorably on any future requests to compel the deposition of Dr. Long at the government's expense. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#29) is **denied**.

DATED this 24th day of October, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge