**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLBERT NICHOLS,             )<br>                                               )<br>         Plaintiff,              )<br>                                               )<br>vs.                                          )<br>                                               )<br>ROBERT BANNISTER, *et al.*,  )<br>                                               )<br>         Defendants.           )<br>_____) | Case No.   2:09-cv-01698-LDG-GWF<br><br>**ORDER**<br><br>Motion to Compel Compliance<br>with Court Order (#35) |

This matter comes before the Court on Plaintiff's Motion to Compel Compliance with Court Order (#35), filed on November 16, 2011. Plaintiff requests that the Court order Defendants to comply with the Court's Order (#31), entered on October 12, 2011. Plaintiff appears to be referring to the Scheduling Order (#31) entered by the Court setting the discovery deadline at January 10, 2012. Plaintiff requests Defendants provide him with any and all medical records related to his MRI as well as any and all opinions and observations made by the N.D.O.C. orthopedic surgeon, Dr. Long.

It appears that Plaintiff is filing his requests for production of documents with the Court instead of serving his requests on Defendants. Pursuant to LR 26-8, written discovery shall not be filed with the Court but served on the opposing party. The Court therefore instructs Plaintiff that he should draft and serve upon Defendants a request for production of documents, outlining with specificity the documents Plaintiff seeks pursuant to Fed. R. Civ. Pro. 34. If, after properly serving a valid request for production of documents on Defendants, Plaintiff is unable to obtain the requested documents after consulting with Defendants, a motion to compel may be brought pursuant to Rule 37.

Any motion to compel however must comply with the Federal and local rules. Fed. R. Civ. P. 37 requires that any party moving for an order to compel discovery must expressly state that the

"movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Further, LR 26-7 requires that the Plaintiff certify that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without the Court's intervention. In order for the Court to understand the nature of the discovery dispute, LR 26-7 further provides that all motions to compel discovery shall set forth in full text the discovery originally sought and the responses thereto, if any.

The Court finds Plaintiff's motion is premature. The Court therefore denies Plaintiff's motion and instructs Plaintiff to serve a request for production of documents on Defendants. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Compliance with Court Order (#35) is **denied**.

DATED this 18th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge