# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

COLBERT NICHOLS,

        Plaintiff,

vs.

ROBERT BANNISTER, *et al.*,

        Defendants.

Case No.  2:09-cv-01698-LDG-GWF

**ORDER**

Motion for Expense Fund (#41)
Motion for Enlargement of Time (#42)
Motion for Appointment of Counsel (#43)

This matter comes before the Court on Plaintiff's Motion for Expense Fund (#41), filed on February 6, 2012; Plaintiff's Motion for Enlargement of Time (#42), filed on February 6, 2012 and Defendants' Notice of Non-Opposition to Plaintiff's Motion for Enlargement of Time (#45), filed on February 23, 2012; and Plaintiff's Motion for Appointment of Counsel (#43), filed on February 6, 2012 and Defendants's Response to Plaintiff's Motion for Appointment of Counsel (#46), filed on February 23, 2012.

**I.  Motion for Expense Fund (#41)**

Plaintiff requests the Court order $3000.00 to be placed in Plaintiff's account so he can hire an MRI expert to testify as to his injuries.  Plaintiff's informa pauperis status allows him to proceed with this action without payment of the original filing fee.  It does not however obligate the Court to pay for Plaintiff's litigation expenses.  Plaintiff's request is therefore denied.

**II.  Plaintiff's Motion for Enlargement of Time (#42)**

Plaintiff requests an additional thirty day extension of the dispositive motion deadline, which is currently February 10, 2012. (*See* #31.)  Plaintiff claims that he did not receive all the discovery in a timely manner.  Defendants do not oppose Plaintiff's request.  The Court will extend the

dispositive motion deadline thirty days from the date of this order. Dispositive motions shall be filed no later than Monday, March 26, 2012.

**III.     Motion for Appointment of Counsel (#43)**

Plaintiff additionally requests the Court appoint him counsel to represent him in this matter. Plaintiff claims that he cannot afford a lawyer, the issues of this litigation are complex, he is at a disadvantage due to his incarceration, and all his attempts to secure a lawyer have been unsuccessful. There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In determining whether counsel should be appointed, the court has discretion to consider the following factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) the meritoriousness of the plaintiff's claim. *Id.* Plaintiff has not presented sufficient evidence to persuade this Court to appoint counsel in this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expense Fund (#41) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Enlargement of Time (#42) is **granted**. Dispositive motions shall be due no later that **Monday, March 26, 2012.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#43) is **denied**.

DATED this 24th day of February, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge