UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLBERT F. NICHOLS, | 2:09-cv-1698-LDG-GWF |
|     Plaintiff, | |
| v. | ORDER |
| ROBERT BANNISTER, et al., | |
|     Defendants. | |

    Plaintiff Colbert Nichols is presently in the custody of the Nevada Department of Corrections. After this civil rights action was initiated and screened, plaintiff filed his amended complaint on January 12, 2011 (#12). Plaintiff alleges that at some point between May 2008 and August 2008, while he was a pre-trial detainee in custody at the Clark County Detention Center ("detention center"), he was assaulted by another detainee who twisted plaintiff's right arm up and back, injuring his shoulder. Plaintiff alleges that he complained to an unnamed detention center doctor of severe pain, lack of mobility, and inability to sleep, and that after examining x-rays of plaintiff's shoulder, the doctor informed plaintiff that he would have to wait until he was incarcerated in prison for treatment.

    Plaintiff further alleges that, after his conviction and transportation to High Desert Correctional Center in August of 2008, he was seen by the outside orthopedic consultant on September 9, 2008. That doctor recommended that plaintiff receive an MRI for further evaluation.

Because the Nevada Department of Corrections ("NDOC") does not have the capability to perform certain procedures, such as an MRI, a recommendation for the procedures is brought before a Utilization Review Panel ("URP"). The URP is a committee of NDOC physicians who meet to decide the medical necessity of referring an inmate for evaluation or treatment outside the NDOC's medical capabilities. Defendant Dr. Robert Bannister, at times, sits on the URP when it convenes.

On September 16, 2008, the URP, consisting of defendants Johns, Mumford, Sanchez and Holmes, convened and considered, among others, the recommendation that plaintiff receive an MRI. The URP elected to deny the recommendation for an outside MRI, on the basis that it was not medically necessary. On November 6, 2008, plaintiff filed an inmate grievance based on the URP's disapproval of the recommendation. The grievance was routed to the NDOC Director of Nursing, Ms. Lavonne Atkins-St. Rose, who upheld the URP's decision. Plaintiff appealed Atkins-St. Rose's denial to the next grievance level, where it was upheld by defendant Bannister on the ground that there was no basis to believe the URP had reached the wrong decision.

Subsequently, the URP agreed that it was appropriate to refer plaintiff to a private orthopedist for evaluation, Dr. Richard Long, which took place at the prison on April 27, 2011. Upon Long's recommendation, plaintiff was given an X-Ray exam, an MRI, and pain management. In a followup visit with plaintiff, Long observed that plaintiff had suffered "unusual tearing of the inferior ligament structures," and in a subsequent review, Long noted that plaintiff's shoulder was extremely unstable, and that plaintiff had a tear in his rotator cuff that would be difficult to repair. Upon consultation with NDOC physician defendant Johns, Long opined that plaintiff's shoulder injury was "a very difficult problem to repair, and the repair failure rate would be very high." Long met with plaintiff and discouraged him from seeking surgery as an alternative.

2

Plaintiff's amended complaint states three causes of action: (1) that the unnamed detention center doctor failed to treat plaintiff's shoulder injury over a four-month period in violation of plaintiff's fourteenth amendment rights, (2) that the same physician denied the treatment for budgetary reasons, in violation of plaintiff's fourteenth amendment rights, and (3) that NDOC medical director Robert Bannister, and NDOC physicians James Holmes, Marsha Johns, Francisco Sanchez and David Mumford, who sat on the URP and refused to refer plaintiff for an MRI, were deliberately indifferent to his medical needs and violated plaintiff's eighth amendment rights. Defendants moved for summary judgment on June 8, 2011 (#22). The court deferred ruling on the motion to afford plaintiff the opportunity to conduct discovery to support a supplemental response. See #48. Defendants moved to reinstate their motion for summary judgment (#50) and the parties have filed additional briefs.

A grant of summary judgment is appropriate only where the moving party has demonstrated through "the pleadings, the discovery and disclosure materials on file, and any affidavits" that there is no genuine issue of material fact. Fed. R. Civ. P. 56( c); Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party. County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. Id. The party opposing summary judgment "must cite to the record in support of the allegations made in the pleadings to demonstrate that a genuine controversy requiring adjudication by a trier of fact exists." Taybron v. City & County of San Francisco, 341 F.3d 957, 960 (9th Cir. 2003). If the non-moving party meets its burden, summary

3

judgment must be denied. Fed. R. Civ. P. 56( c). Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Counts I and II, should be dismissed as the defendant subject to plaintiff's allegations has not been named.

In Count III, plaintiff alleges, in pertinent part:

> Bannister and the members of the UR[P] are aware of Nichol[']s serious medical needs for a MRI and surgery, are denying Nichols treatment for nonmedical reasons. This constitutes deliberate indifference to Nichol[']s serious medical needs in direct violation of his rights guaranteed by the eighth amendment. This delay of over two years is causing Nichols unnecessary pain and suffering which may cause irreversible damage to his shoulder.

Defendants argue that they are entitled to summary judgment because Nichols, at most, raises a difference of medical opinion regarding plaintiff's treatment. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1344 (9th Cir. 1981) (citation omitted). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff maintains that the eventual authorization for the MRI by the URP almost three years after its original denial confirms that the original denial was not a result of a difference of medical opinion. Yet, the fact that a different medical opinion may have been rendered years after a previous one does not support a conclusion of deliberate indifference to a medical need in the first instance, and plaintiff has presented no evidence that the initial recommendation was medically unacceptable under the circumstances, or in conscious disregard of an excessive risk to plaintiff's health.

4

Furthermore, plaintiff's allegation in his amended complaint of unnecessary pain and suffering relates back to the original decision of the URP. He does not claim in his amended complaint, nor has he shown in the record, acts of deliberate indifference beyond those alleged in connection with the URP's initial denial of the recommendation for an MRI. Moreover, any such acts by defendants between the original denial of the MRI and its ultimate approval, had they been alleged, would be subject to an exhaustion analysis separate from the claims made in this action. Accordingly,

THE COURT HEREBY ORDERS that defendants' motion for summary judgment (#22) as to Count III of plaintiff's amended complaint is GRANTED.

THE COURT FURTHER ORDERS that Counts I and II are hereby DISMISSED.

Dated this 26 day of September, 2013.

_____
Lloyd D. George
United States District Judge