CATHERINE CORTEZ MASTO
Attorney General
MERCEDES S. MENENDEZ
Deputy Attorney General
Nevada Bar No. 9443
Bureau of Litigation
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
Tel: 702-486-3420
Fax: 702-486-3773
E-Mail: mmenendez@ag.nv.gov
*Attorneys for Defendants,*
*Bannister, Holmes, Johns,*
*Mumford, and Sanchez*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COLBERT NICHOLS, | |
| Plaintiff, | Case No. 2:09-cv-01698-LDG-GWF |
| v. | **DEFENDANTS' MOTION FOR ENLARGMENT OF TIME TO RESPOND TO PLAINTIFF'S FRCP RULE 60(b) MOTION, and/or IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION (Doc. #71)** |
| ROBERT BANNISTER, et. al., | |
| Defendants. | |

COME NOW Defendants, ROBERT BANNISTER, JAMES HOLMES, MARSHA JOHNS, DAVID MUMFORD, and FRANCISO SANCHEZ, by and through their counsel, Catherine Cortez Masto, Nevada Attorney General, and Mercedes S. Menendez, Deputy Attorney General, of the State of Nevada Office of the Attorney General, and hereby submits an extension of time for the filing of their response to Plaintiff's FRCP RULE 60(b) Motion and/or in the Alternative, Motion for Reconsideration (Doc. #71) for the reasons stated in the accompanying Memorandum of Points and Authorities.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

Plaintiff Colbert Nichols ("Plaintiff"), who is presently in the custody of the Nevada Department of Corrections ("NDOC") and serving a prison sentence at the Northern Nevada Correctional Center, has a civil rights action pending in this Court. His three-count amended complaint alleges (1) that a currently unidentified physician at the Clark County Detention Center ("CCDC") failed to treat a shoulder injury Plaintiff sustained while in CCDC custody over a four-month period; (2) that this same physician denied the treatment for budgetary reasons; and (3) that NDOC Medical Director Robert Bannister, and NDOC physicians James Holmes, Marsha Johns, Francisco Sanchez and David Mumford ("Defendants"), who sat on the Utilization Review Panel ("URP") on September 16, 2008, refused to refer Plaintiff for a magnetic resonance imaging scan ("MRI"). Doc. #23. The Court screened the amended complaint and recognized the action as stating an Eighth Amendment claim involving deliberate indifference against Defendants. Doc. #19.

On June 6, 2012, Defendants moved to Reinstate their Motion for Summary Judgment (Doc. #50), to which the Plaintiff filed his Response on November 14, 2012. Doc. #57. On September 27, 2013, the Court granted Defendants' Motion for Summary Judgment, thereby dismissing the case. Doc. #68. Judgment in favor of the Defendants was entered that same day. Doc. #69.

On November 7, 2013, Plaintiff filed his present motion, stating the Court erred when granting Defendants' Motion for Summary Judgment. Doc. 71. The Motion contains eighteen pages of small print and makes numerous references to medical records, thereby requiring defense counsel to review each entry in order to provide an appropriate response. This office has been down one Deputy Attorney General, due to the recent departure of one attorney

back in mid October. Defense counsel believes she will need fourteen (14) days to adequately prepare a response to the subject motion.

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 6(b) provides in pertinent part:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; . . . .
LR 6-1 provides in pertinent part:
(a) Every motion requesting a continuance, extension of time, or order shortening time shall be "Filed" by the clerk and processed as an expedited matter. . . .
(b) Every motion or stipulation to extend time shall inform the court of any previous extensions granted and state the reasons for the extension requested. . . . Immediately below the title of such motion or stipulation there shall be included a statement indicating whether it is the first, second, third, etc., requested extension....

Defense counsel requires an additional fourteen (14) days to review all the notations and medical records referenced in Plaintiff's subject motion. Good cause exists for the needed extension of time. *See* Declaration of Mercedes S. Menendez attached hereto as **Exhibit "A."** This Motion is being made prior to the expiration of the deadline and not for the purpose of delay.

///

///

///

///

///

///

///

///

///

### III. CONCLUSION

Based upon the foregoing, Defendants request a fourteen (14) day extension of time for the filing of their answer or other responsive pleading to **December 9, 2013.**

Dated: November 22, 2013.

                                          Respectfully submitted,

                                          CATHERINE CORTEZ MASTO
                                          Attorney General

                                          By:   /s/ Mercedes S. Menendez
                                                   MERCEDES S. MENENDEZ
                                                   Deputy Attorney General
                                                   Nevada State Bar No. 9443
                                                   *Attorneys for Defendants,*
                                                   *Bannister, Holmes, Johns, Mumford, and*
                                                   *Sanchez*

                                                   ORDER

IT IS SO ORDERED.

DATES this _26_ day of November, 2013.

                                                   _____
                                                   Lloyd D. George
                                                   Sr. U.S. District Judge